RODNEY EDMANDS *vs.* MUTUAL SAFETY FIRE INSURANCE COMPANY.

A mortgage is a material alteration in the ownership of property insured; and, under a by-law of an insurance company which provides that "all alienations and alterations in the ownership, situation or state of the property insured by this company, in any material particular, shall make void any policy covering such property, unless consented to or approved by the directors in writing within thirty days," will avoid a policy issued "under the conditions and limitations expressed in the by-laws," unless so consented to or approved.

CHAPMAN, J. This is an action of contract on a policy of nsurance, which is declared on its face to be issued " under the conditions and limitations expressed in the by-laws," which are annexed to the policy. Article 11th of the by-laws provides that " all alienations and alterations in the ownership, situation or state of the property insured by this company, in any material particular, shall make void any policy covering such property, unless consented to or approved by the directors in writing within thirty days." It appears that subsequently to the mak-ing of the policy, the plaintiff made a mortgage of the property to one Wheeler; and the defendants contend that this mortgage avoids the policy.

But a mortgage is held not to be an alienation of the prop-erty. *Jackson* v. *Massachusetts Ins. Co.* 23 Pick. 418. *Rice* v. *Tower*, 1 Gray, 426. It is however an alteration in the owner-ship. It alters it from a legal to an equitable ownership. It introduces a new owner, to the extent of the sum secured by the mortgage, and to the same extent it takes away the direct interest of the assured.

But to bring it within the by-law it must be a material alter-ation. It is not material in respect to the lien of the defendants, because a subsequent mortgage must be subject to the lien.

But it is not necessary that it should affect the lien in order to make it material.. *Davenport* v. *New England Ins. Co.* 6 Cush. 340. *Packard* v. *Agawam Ins. Co.* 2 Gray, 334. In the case first cited the court remarked as follows: " But irrespective of the lien, whether the defendants would or would not have one, the misrepresentation was clearly a material misrepresentation. It was material for the insurers to know of the incumbrances, in reference to the responsibility of the insured, and his ability to meet his engagements to the company; it was material to know who was interested in or had any title to the estate ; but more particularly and especially was it material for the defendants to know what interest the plaintiff himself had in the premises, and whether his estate was incumbered or unincumbered." These remarks were made in regard to a mortgage existing at the time of issuing the policy, but not stated by the insured in his application. They have the same force in regard to a mortgage made after the issuing of the policy, if the parties make their contract in reference to such a mortgage, as they seem to have done here. They had a right to treat such an alteration of the title as material, if they judged it to be so, and the language of the eleventh by-law shows that they did thus judge. Unless we give this construction to the word " alterations," it has no force. This construction of the by-law is aided to some extent by the fact that the application contains inquiries as to the ownership of the property and incumbrances upon it ; and on the back of the policy there is a blank form for an assignment of it in case of a mortgage, and also a form for the assent of the directors to such mortgage. And after this mortgage was made, the plaintiff left the policy with the secretary to get the assent of the directors, but failed to obtain it. One reason of the failure was, that the plaintiff had neglected to sign the assignment of the policy. It appears therefore that the parties understood the by-law as the court have construed it. It is a different provision from any that has been contained in any other policy that has come before the court for interpretation.

*Exceptions sustained.*

*A. V. Lynde*, for the plaintiff.

*W I. Brown*, for the defendants.